UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PATACSIL and CHRISTINE PATACSIL,

        Plaintiffs,

v.

Case number 10-10231
Honorable Julian Abele Cook, Jr.

KYLE KIGAR, BETH KIGAR, CAMERON APPRAISAL COMPANY, and COLDWELL BANKER KIGAR REAL ESTATE,

        Defendants.

## ORDER

On November 24, 2009, the Plaintiffs, Robert Patacsil and his wife, Christine Patacsil, initiated this lawsuit against the Defendants, Kyle Kigar, Beth Kigar, Cameron Appraisal Company, and Coldwell Banker Real Estate, all of whom have been accused of committing a variety of misdeeds against them; namely, (1) breach of fiduciary duty, (2) violations of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1)(s), (3) intentional fraud and misrepresentation, (4) silent fraud, (5) concert of action, (6) civil conspiracy, and (7) breach of contract. Although the case was originally filed in the Western District of Michigan, venue was transferred to this Court on January 19, 2010 as a result of a stipulation among the parties.

Currently pending before the Court is a motion by the Defendants, which if granted, will result in a dismissal of the complaint. For the reasons set forth below, their motion will be granted

1

and this lawsuit will be dismissed without prejudice.[1]

I.

The litigation is based on the Plaintiffs' troubles relating to their home in Gladwin, Michigan which they purchased from two of the Defendants, Kyle and Beth Kigar. The Plaintiffs, acting upon the recommendation of Kyle Kigar, elected not inspect their newly purchased home or to enlist the aid of any other party to do so. According to the Plaintiffs, their decision was based largely on the representation of Kyle Kigar who volunteered to play a dual role in this real estate transaction (i.e., seller and real estate agent). The Plaintiffs complain that immediately after moving into their newly acquired home, they began to experience several major problems, about which they were unaware at the time of their acquisition of the property.[2] When the Plaintiffs were unable to resolve these problems with the Defendants amicably, they commenced this lawsuit in November of 2009.

On May 28, 2010, the Court entered a scheduling order which established August 13, 2010 as the deadline for the parties to complete their discovery needs. Within this time frame, the Defendants presented the Plaintiffs with several discovery requests, along with a proposal to commence depositions on July 8, 2010. However, the Defendants maintain that the Plaintiffs have been totally uncooperative and appear to have lost all interest in advancing their claims in this

---

[1] The Defendants' previously filed motion for the entry of a summary judgment (Docket Entry No. 23) is denied for reasons of mootness.

[2] Based on the Plaintiffs' allegations, these problems included the following: (1) a defective, overflowing septic tank, (2) a non-functioning sump pump, (3) a malfunctioning furnace (which created carbon monoxide emissions), (4) the existence of a heretofore undisclosed utility easement, and (5) the presence of an addition to the home that was faulty, built directly beneath a power line, and constructed without the pulling of plumbing, mechanical, and other required work permits.

lawsuit. To support this contention, the Defendants point to the following examples; to wit, excepting for the filing of a proposed witness list on July 18, 2010, the Plaintiffs - without attempting to offer any explanation for their apparent lack of interest - have (1) neglected or refused to answer or acknowledge the Defendants' legitimate discovery requests, including interrogatories, requests for admission, and document requests; (2) opted not to reply to any business telephone calls or to answer correspondence, and (3) acted with a "complete disregard" for timely deposition notices by failing to appear for depositions.

Based on similar conduct, the Plaintiffs' attorney sought permission from the Court to withdraw as his clients' legal representative - a request that was granted on December 23, 2010. Thereafter, the Court stayed this litigation for a period of sixty days in order to give the Plaintiffs a reasonable period of time in which to retain substitute counsel. When they failed or were unable to do so within the above-specified time period, the Court returned the case to its active docket and, shortly thereafter, granted the Defendants' motion to compel the Plaintiffs to appear for a deposition. In an order on April 5, 2011, the Court ordered the Plaintiffs "to cooperate fully with the Defendants" in selecting a mutually agreeable date for submitting themselves for deposition. (Docket Entry No. 27). Notwithstanding this directive, and in an apparent disregard for this order, the Plaintiffs ignored a notice from the Defendants that their depositions were scheduled for April 27, 2011, in that both of them failed and/or refused to appear. According to the Defendants, the Plaintiffs - despite having acknowledged their receipt of the mailing from the Defendants on April 11, 2011 - never contacted them to reschedule an alternate deposition date. The Court also notes with significance that the Plaintiffs have never filed a pleading in opposition to any of the relief sought by the Defendants (i.e., to (1) compel depositions, (2) seek summary judgment, and (3)

obtain a dismissal of this action based on discovery violations).

## II.

The Federal Rules of Civil Procedure have accorded courts with authority to dismiss a lawsuit for a party's failure to comply with the terms of a discovery order. Specifically, Fed. R. Civ. P. 37(b)(2)(A) provides that if a party fails to obey a discovery order, the court is empowered to "issue further just orders [which] may include: . . . (v) dismissing the action or proceeding in whole or in part . . . ." In fashioning an appropriate remedy for such a violation, the Court may consider the following factors, none of which is dispositive: whether (1) the failure is due to willfulness, bad faith, or fault, (2) the opponent sustained any prejudice, (3) the party was warned that failure to cooperate could lead to the imposition of a sanction, and (4) less drastic sanctions were first considered or imposed. *Regional Refuse Systems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154-55 (6th Cir. 1988) (superseded by statute on other grounds). While dismissing an action for a plaintiff's failure to prosecute is a harsh sanction, the remedy is nonetheless appropriate where there is a clear record of contumacious conduct by the offending party. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736-737 (6th Cir. 2008).

Applying those factors here leads the Court to conclude that a dismissal of the Plaintiffs' case is warranted for several reasons. The Plaintiffs have acted wilfully by failing to advance this lawsuit in any manner during the past year. Although the matter has been pending since January of 2010, they have avoided all discovery, cut off communication with opposing counsel, and otherwise ignored their responsibilities to litigate their claims. When coupled with their (1) total lack of response to the order of April 5, 2011, (2) failure to answer a single pleading, and (3) apparent ambivalence toward the Defendants, the attorneys of record, and the Court, the Plaintiffs'

behavior strongly indicates that they have abandoned their claims or are stubbornly refusing to comply with the rules and regulations which govern the conduct of this case. In either case, their conduct meets the Sixth Circuit's standard for willfulness, fault and/or bad faith, which can be evidenced by "a reckless disregard for the effect of his conduct on [the judicial] proceedings." *Id.* at 737 (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005)).

Furthermore, the Court believes that the Defendants have been prejudiced by the Plaintiffs' misbehavior. The Defendants have wasted time and money preparing for depositions that never occurred, drafting unanswered discovery documents, and filing pleadings that were designed to compel the Plaintiffs' compliance. *Id.* Moreover, having acknowledged their receipt of the Defendants' pending request for sanctions, the Plaintiffs have been provided with some notice that a dismissal of their claims is a possible outcome for their discovery lapses. *See e.g., Kovacic v. Tyco Valves & Controls, LP*, No. 09-4562, 2011 WL 3289737, *5 (6th Cir. Aug. 2, 2011).

The Court recognizes the significance of dismissing a lawsuit against a plaintiff with prejudice, and given the implications of doing so, the Court will not impose such a final remedy here. Yet, in light of the utter failure on the part of the Plaintiffs to communicate with anyone associated with this lawsuit for more than a year, the Court believes that the imposition of progressive sanctions will yield little effect and only further delay the litigation. Under the circumstances, the Court finds that the *Regional Refuse* factors weigh in favor of a dismissal of the lawsuit, but without prejudice.

III

Therefore, for the reasons stated above, the Defendants' motion to dismiss (Docket Entry No. 29) is granted. The motion for the entry of a summary judgment (Docket Entry No. 23) is

denied for mootness. Under the authority of Fed. R. Civ. P. 37(b)(2)(C), the Plaintiffs are directed, as the disobedient parties, to pay the sums of (1) six-hundred fifty dollars ($650) to the attorneys for Defendant Cameron, and (2) nine-hundred sixty dollars ($960) to the attorneys for Defendants Kyle and Beth Kigar, all of which represents a reasonable payment of attorney fees that were incurred by these parties in dealing with the repeated discovery violations, as noted above

IT IS SO ORDERED.

Date: September 29, 2011    s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 29, 2011

s/ Kay Doaks
Case Manager